UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

FR. FABIÁN ARIAS,

STEPHEN KELLY,

LAURA McCALLUM,

DEBBIE NATHAN,

DR. ZOEY PHILLIPS,

*Plaintiffs,*

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
and TODD LYONS, in his official capacity as Acting
Director of U.S. Immigration and Customs Enforcement,
500 12th St. SW, Washington, D.C. 20536,

U.S. DEPARTMENT OF HOMELAND SECURITY, and
KRISTI NOEM, in her official capacity as Secretary of the
U.S. Department of Homeland Security,
2707 Martin Luther King Jr. Ave SE, Washington, D.C.
20528,

U.S. DEPARTMENT OF JUSTICE, and PAMELA BONDI,
in her official capacity as U.S. Attorney General,
950 Pennsylvania Ave., NW, Washington, DC 20530,

GENERAL SERVICES ADMINISTRATION, and
EDWARD FORST, in his official capacity as Administrator
of General Services,
1800 F Street NW, Washington, DC 20405,

*Defendants.*

------------------------------------------------------------------------

1:26-cv-02130 (CM) (SDA)

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

1.      Plaintiffs hereby move, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a

preliminary injunction enjoining Defendants, their officers, agents, employees, and all persons

1

acting in concert with them, from enforcing policies and practices that (1) restrict public access to immigration court proceedings and adjacent public areas, (2) prevent or burden protected speech and association, and (3) retaliate against individuals engaging in such protected activity.

I.   INTRODUCTION

2.   This case concerns a regime of courthouse practices that, taken together, operates to deter a person of ordinary firmness from attending, observing, or participating in judicial proceedings, and from engaging in protected speech and association in and around those proceedings. Plaintiffs seek narrow, targeted relief restoring baseline constitutional conditions: open access, the ability to observe, the ability to participate, and the ability to communicate in public courthouse spaces without intimidation or arbitrary exclusion.

II.   LEGAL STANDARD

3.   A preliminary injunction requires a showing of (1) irreparable harm, (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits plus a balance of hardships tipping decidedly in the movant's favor, and (3) that the public interest favors relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

III.   PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

A. The First Amendment Protects Access to Judicial Proceedings

4.   The public and press have a qualified First Amendment right of access to judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980); *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 603 (1982); *Press-Enterprise Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984).

5.      That right extends not only to the courtroom itself, but to the conditions necessary to make access meaningful. Arbitrary closures, inconsistent access rules, and exclusion of observers from public proceedings violate this principle absent narrowly tailored justification.

B. The Challenged Practices Impermissibly Burden Protected Speech and Association

6.      Speech and expressive activity in public areas of courthouses—including observation, quiet communication, and the provision of information—are protected under the First Amendment. See *United States v. Grace*, 461 U.S. 171, 177 (1983). Restrictions on such activity must be reasonable and viewpoint-neutral in nonpublic forums, and narrowly tailored in public forums. Id. at 177–78. Here, Defendants' practices, including ad hoc exclusion, shifting "rules," and restrictions on communication, are neither consistent nor narrowly tailored. They operate as discretionary barriers untethered to any legitimate, consistently applied standard.

C. Defendants' Conduct Constitutes First Amendment Retaliation

7.      Government action that would deter a person of ordinary firmness from engaging in protected activity violates the First Amendment. *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004).

8.      A pattern of intimidation, exclusion, and selective enforcement—particularly when directed at observers, advocates, and individuals communicating with respondents—constitutes actionable retaliation. The relevant injury is deterrence itself.

D. The Practices Are Not Narrowly Tailored to Any Legitimate Interest

9.      Even assuming a legitimate interest in courthouse security or administration, Defendants must demonstrate that restrictions are narrowly tailored and consistently applied. *Globe Newspaper*, 457 U.S. at 607. Arbitrary, shifting, and discretionary restrictions particularly those that vary week-to-week or floor-to-floor fail this requirement.

IV.    PLAINTIFFS WILL SUFFER IRREPARABLE HARM ABSENT RELIEF

10.    The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

11.    Here, Plaintiffs face ongoing deprivation: each denied entry, each prevented communication, and each act of intimidation constitutes a fresh constitutional injury.

V.    THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR RELIEF

12.    The public has a profound interest in open courts and constitutional governance. *Richmond Newspapers*, 448 U.S. at 572.

13.    Defendants have no legitimate interest in enforcing unconstitutional practices. By contrast, the requested relief merely restores lawful baseline conditions—access, observation, and the ability to engage in protected activity.

VI.    CONCLUSION

14.    Plaintiffs have demonstrated a likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest overwhelmingly favor relief. The Court should grant the motion.

REQUESTED RELIEF

Plaintiffs respectfully request that the Court enter an order:

(1) Enjoining Defendants from restricting public access to immigration court proceedings except as permitted by law and based on articulated, narrowly tailored criteria;

(2) Requiring Defendants to permit members of the public to enter, remain in, and observe proceedings in publicly accessible areas of the courthouse, including waiting rooms, hallways, and other functionally integrated spaces;

(3) Enjoining Defendants from interfering with or prohibiting protected speech and association in such areas, including communication with individuals present for court proceedings;

(4) Prohibiting retaliation, intimidation, or selective enforcement directed at individuals engaged in protected activity, including participating in judicial proceedings;

(5) Requiring Defendants to implement clear, written, and uniform access policies consistent with constitutional requirements;

(6) Granting such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ Stephen Kelly

Attorney for the Plaintiffs

Dated: April 26, 2026

32 Court Street, 904
Brooklyn, NY 11201
929-270-9905
stephen@philanthropy-law.com

5