UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
FR. FABIÁN ARIAS,

STEPHEN KELLY,

LAURA McCALLUM,

DEBBIE NATHAN,

DR. ZOEY PHILLIPS,

*Plaintiffs,*

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
and TODD LYONS, in his official capacity as Acting
Director of U.S. Immigration and Customs Enforcement,
500 12th St. SW, Washington, D.C. 20536,

U.S. DEPARTMENT OF HOMELAND SECURITY, and
KRISTI NOEM, in her official capacity as Secretary of the
U.S. Department of Homeland Security,
2707 Martin Luther King Jr. Ave SE, Washington, D.C.
20528,

U.S. DEPARTMENT OF JUSTICE, and PAMELA BONDI,
in her official capacity as U.S. Attorney General,
950 Pennsylvania Ave., NW, Washington, DC 20530,

GENERAL SERVICES ADMINISTRATION, and
EDWARD FORST, in his official capacity as Administrator
of General Services,
1800 F Street NW, Washington, DC 20405,

*Defendants.*
-------------------------------------------------------------------------

1:26-cv-02130 (CM) (SDA)

MOTION FOR CLASS CERTIFICATION

1

I.   PROPOSED CLASS

1.   Plaintiffs seek certification of the following class:

All persons engaging in protected activity within immigration court facilities and

functionally integrated common areas and exterior spaces subject to Defendants'

enforcement practices in New York City.

2.   This definition is limited to a discrete and objectively identifiable set of locations—

immigration court facilities and the immediately surrounding spaces through which those

facilities operate—and to persons engaged in protected activity within those spaces. It captures

the full operational environment in which Defendants' policies are applied. See *Mercado v.*

*Noem*, 800 F. Supp. 3d 526.

II.   RULE 23(a)

A. Numerosity

3.   Numerosity exists where joinder is impracticable, including fluid and future

classes. *Stinson v. City of New York*, 282 F.R.D. 360, 368 (S.D.N.Y. 2012); *Williamson v.*

*Maciol*, No. 9:20-cv-537, 2020 WL 4449527, at *3 (N.D.N.Y. Aug. 3, 2020).

B. Commonality

4.   Commonality exists where a uniform policy yields common questions resolvable "in one

stroke." *Stinson*, 282 F.R.D. at 369; *Clarkson v. Coughlin*, 898 F. Supp. 1019, 1023–24

(S.D.N.Y. 1995); *Benjamin v. Fraser*, 343 F.3d 35, 48 (2d Cir. 2003).

C. Typicality

5.   Typicality is satisfied where claims arise from the same conduct and legal theory despite

factual variation. *Stinson*, 282 F.R.D. at 370; *Clarkson*, 898 F. Supp. at 1023–24; *Ligon v. City of*

*New York*, 925 F. Supp. 2d 478, 520 (S.D.N.Y. 2013).

D.    Adequacy

6.    Adequacy exists where interests align and counsel is competent. *Stinson*, 282 F.R.D. at 371; *Williamson*, 2020 WL 4449527, at *5.

III. RULE 23(b)(2)

7.    Certification is proper where uniform policies warrant indivisible injunctive relief. *Mirabelli v. Olson*, 350 F.R.D. 138, 145–47 (S.D. Cal. 2025); *J.R. v. Oxnard Sch. Dist.*, No. CV 17-04304, 2018 WL 6133412, at *11–12 (C.D. Cal. June 6, 2018); *J.V. v. Pomona Unified Sch. Dist.*, No. CV 15-07895, 2016 WL 11746873, at *9–10 (C.D. Cal. Oct. 27, 2016); *Harvard v. Dixon*, No. 4:19-cv-212, 2022 WL 21694010, at *2–3 (N.D. Fla. July 25, 2022).

IV. ASCERTAINABILITY

8.    A class is ascertainable if defined by objective criteria. *Stinson*, 282 F.R.D. at 367.

V.    CONCLUSION

9.    Rule 23(a) and (b)(2) are satisfied; certification is warranted.


Respectfully submitted,

/s/ Stephen Kelly

Counsel for the Plaintiffs

Dated: April 26, 2026

32 Court Street, 904
Brooklyn, NY 11201
929-270-9905
stephen@philanthropy-law.com

3