**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FR. FABIÁN ARIAS et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT et al., <br><br> Defendants. | Case No. 1:26-cv-02130 (CM) |

**DECLARATION OF JOHN MELECIO,**
**GSA FIELD OFFICE MANAGER**

I, John Melecio, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am employed as Field Office Manager for the U.S. General Services Administration ("GSA"). My work address is 26 Federal Plaza, New York, NY, 10278. I have held this position for approximately 20 months. Prior to becoming Field Office Manager, I was a GSA Construction Control Representative Supervisor for five years. Prior to that, I was a GSA Senior Property Manager for two years, and a Building Manager for three years.

2. In my current position as Field Office Manager, I am responsible for the day-to-day operation of 26 Federal Plaza.

3. I have reviewed the complaint and amended complaint filed in the above-captioned matter. I make this declaration based on my personal knowledge and review of GSA records, in support of the defendants' motion to dismiss this case and in opposition to the plaintiffs' motions for a preliminary injunction and class certification.

4. 26 Federal Plaza (also known as the Jacob K. Javits Federal Building) is a federal office building with an atrium lobby and 41 floors of standard office space with little to no

common areas beyond the elevator lobbies.  290 Broadway (also known as the Ted Weiss Federal Building) is a federal office building directly across Duane Street from 26 Federal Plaza. Although I am not the Field Office manager for 290 Broadway, I am familiar with it, and I know that it operates under the same rules, regulations, and policies as 26 Federal Plaza.

5.    Under 40 U.S.C. § 301 note and 581, GSA is responsible for the maintenance and operation of federal office buildings such as 26 Federal Plaza and 290 Broadway.  GSA has no law enforcement responsibilities in federal buildings.

6.    The Department of Homeland Security, Federal Protective Services ("FPS") is responsible for law enforcement at the buildings at issue, including security screening at the entrance and crowd control in the interior of the buildings.

7.    Each tenant agency in these buildings pays FPS directly for its share of general building security costs.  If a tenant agency determines that it requires additional security for its assigned space, it may arrange for such additional security directly with FPS and pays FPS directly for the cost of additional security.

8.    The immigration court is an administrative court within the Executive Office for Immigration Review ("EOIR"), which is part of the U.S. Department of Justice.  EOIR operates immigration courts on the 12th and 14th floors of 26 Federal Plaza and on the 13th, 15th, 20th, 22nd, and 29th floors of 290 Broadway.

9.    GSA does not direct EOIR or any other agency tenant how to use its assigned space.  EOIR does not confer with GSA when scheduling its public-facing activities, such as appointments, check-ins, and court hearings.

10.    GSA does not patrol the EOIR floors during the typical workday.  Several times in recent months, EOIR contacted my office to complain about the number of people in the

hallways outside of the immigration court spaces at 26 Federal Plaza.  Upon receiving the complaints, I toured the floors, determined that the number of people loitering in the common areas (elevator lobbies and hallways) created a life-safety hazard and asked FPS to relocate people off the floor and to the atrium lobby.  I did not direct FPS to evict anyone from the building.

11.     Above the atrium lobby at 26 Federal Plaza, the common areas are not designed as waiting areas, they are designed for routine transit to the tenant-assigned space and as evacuation routes in case of emergency.  The life-safety element of the design envisions an average of four to seven people transiting through the common areas at any one time.  Any loitering in the common areas is considered an impediment to emergency egress.  Several tenant agencies with public-facing services have waiting areas within their assigned space.

12.     On the few times I determined the number of people to be a life-safety hazard there were at least 20 people in a static position in the common areas and I asked FPS to relocate them for their safety as well as the safety of the building's employees.

13.     The regulation that governs the distribution of pamphlets or other written materials in the public access portions of federal buildings is 6 C.F.R. § 139.60, formerly 41 C.F.R. § 102-74.415.  This rule allows people to distribute pamphlets only after obtaining a permit from the GSA Field Office Manager (which, for 26 Federal Plaza is me; 290 Broadway has its own Field Office Manager).  The permit application form is the same for both buildings and is attached to this declaration as Exhibit A.  In my twenty months as Field Office Manager at 26 Federal Plaza no one has applied for such a permit.

14.     Until its rescission in December 2025, 41 C.F.R. § 102-74 - Subpart D (Occasional Use of Public Buildings) set forth the application process for obtaining a permit in a

federal building.  Subpart D also included provisions for appealing a decision to reject a permit (§§ 102-74.510, 520).  Despite the rescission of these rules, I have been instructed to follow the substance of Subpart D in evaluating all permit applications.

15.    In brief, and as potentially applicable to the plaintiffs in this case, these regulations provide that either persons or organizations may request a permit, which must include a "copy, sample or accurate description of any materials proposed for distribution" (§ 102-74.465),[1] that permits must be issued within ten days of a request being requested (§ 102-74.480), and that permits are valid for thirty days (§ 102-74.485).[2]  If the activity does not require additional costs, the permit is typically free.  GSA can disapprove, or deny, permit applications if the applicant has provided false information, if the proposed use is for commercial activity, if the proposed use "interferes with access to the public area, disrupts official Government business, interferes with approved uses of the property by tenants or by the public, or damages any property," if the proposed use "is intended to influence or impede any pending judicial proceeding," if the proposed use is obscene, or if the proposed use "violates the prohibition against political solicitations in 18 U.S.C. 607" (§ 102-74.500).  A decision denying a permit application must be promptly provided to the applicant (§ 102-74.505), and such decisions can be administratively appealed to GSA Regional Officer (§§ 102-74.510, 515, 520).

16.    Applications for such permits to distribute written materials are to be submitted at the GSA Field Office for the relevant building: Room 2-100 in 26 Federal Plaza, and Room 206 in 290 Broadway.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

---

[1] It is possible for multiple applicants to submit a joint application.
[2] Permittees may request subsequent permits once their original permits expire.

Executed this May 7, 2026, in New York, New York.

_____
John Melecio