UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

FR. FABIÁN ARIAS et al.,                                    No. 26 Civ. 2130 (CM)
    Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,
    Defendants.

------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW STEPHEN KELLY AS A NAMED PLAINTIFF, TO ADD REV. JUAN CARLOS RUIZ AS A NAMED PLAINTIFF, AND TO APPOINT STEPHEN KELLY AS PUTATIVE CLASS COUNSEL**

## I. INTRODUCTION

1. Plaintiffs respectfully seek a narrow procedural modification to cure the class-representation concern identified in the Court's June 22, 2026 Opinion and Order. The Court denied Plaintiffs' class-certification motion without prejudice and identified, among other issues, the "additional problem" created by Stephen Kelly's proposed service as both named plaintiff and class counsel. *Arias v. U.S. Immigr. & Customs Enf't*, No. 26 Civ. 2130 (CM), slip op. at 92–93 (S.D.N.Y. June 22, 2026), ECF No. 62. The Court explained that Rule 23 assigns distinct fiduciary obligations to class representatives and class counsel. *Id.* at 92. The Court therefore declined to appoint Mr. Kelly to both roles on the existing record, while stating that this conclusion did "not call into question Kelly's work investigating and litigating the action." *Id.* at 93.

2. Plaintiffs propose the most parsimonious cure. Mr. Kelly will withdraw as a named plaintiff and proposed class representative. Rev. Juan Carlos Ruiz, a New York clergy member with nearly two decades of ongoing immigration-court accompaniment experience, will be added as a named plaintiff and proposed class representative. Mr. Kelly, no longer

1

occupying the representative role, will remain counsel and may be appointed as interim counsel for the putative class under Rule 23(g)(3) and as class counsel upon certification under Rules 23(c)(1)(B) and 23(g).

3.  This amendment does not add new causes of action, does not expand the constitutional theory of the case, does not prejudice Defendants, and does not compromise any absent class member's rights. It simply aligns the pleadings and proposed class structure with the Court's June 22 guidance.

## II. ARGUMENT

### A. Leave to withdraw Stephen Kelly as a named plaintiff should be granted.

4.  Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 15(a)(2) separately provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

5.  Withdrawal is warranted because Mr. Kelly's continued presence as a plaintiff is no longer necessary to preserve the claims or relief at issue. The Court has already held, on the preliminary-injunction record, that the named plaintiffs established standing to seek access-related relief. Arias, slip op. at 72–81, ECF No. 62.

6.  Nor will withdrawal prejudice Defendants. The action remains at an early stage; no class has been certified; the Court denied class certification without prejudice; and the operative constitutional claims remain unchanged. See *id.* at 94. Mr. Kelly's withdrawal is not a settlement, compromise, or dismissal of class claims, issues, or defenses within the meaning of Rule 23(e). See Fed. R. Civ. P. 23(e). It does not bind absent putative class members and does not alter the scope of Defendants' defenses.

7.    Finally, Mr. Kelly's withdrawal as a plaintiff is immaterial to the proposed class. The Court

instructed that, if Plaintiffs seek certification of materially different claims, they must

explain whether separate classes or subclasses are required and establish every Rule 23

requirement for each proposed class or subclass. Arias, slip op. at 93–94, ECF No. 62; see

also Fed. R. Civ. P. 23(c)(5).

8.    Plaintiffs do not seek subclasses. Plaintiffs' theory remains that Defendants' challenged

practices operate as a single course of conduct in a single functional immigration-court

environment: public hearings made inaccessible. See Am. Compl. ¶¶ 1–3, 103–18, ECF No.

40; Second Kelly Decl. ¶¶ 18–30, ECF No. 56.

9.    The requested relief remains indivisible within the meaning of Rule 23(b)(2): Defendants

should not impose categorical, unexplained, or selectively enforced restrictions that prevent

similarly situated persons from appropriate immigration court access. See Fed. R. Civ. P.

23(b)(2). Plaintiffs therefore intend to proceed on a unified Rule 23(b)(2) class definition.

**B. Rev. Juan Carlos Ruiz should be added as a named plaintiff and proposed class representative.**

10.    Rules 15, 20, and 21 authorize the addition of Rev. Ruiz. Rule 20(a)(1) permits joinder of

plaintiffs where they assert claims arising out of the same transaction, occurrence, or series

of transactions or occurrences and where any common question of law or fact will arise.

Fed. R. Civ. P. 20(a)(1).

11.    Rev. Ruiz's claims arise from the same series of challenged practices alleged in the

Amended Complaint: restrictions on public access to immigration proceedings, interference

with quiet communication and accompaniment, intimidation in court-adjacent spaces, and

retaliation or deterrence directed at protected First Amendment activity. See Am. Compl. ¶¶

1–3, 103–18, 124–30, ECF No. 40. His claims share the same core legal questions as those of the existing plaintiffs: whether Defendants may impose categorical or unexplained restrictions on public participation, observation, court-related speech, religious accompaniment, noncommercial information-sharing, and protected association in and around New York City immigration courts.

12. Rev. Ruiz also fits the representative-specific criteria identified in the June 22 Order. His immigration ministry includes pastoral care, legal-resource referrals, pro se support, support for families separated by detention or deportation, and accompaniment to immigration court and ICE appointments. Ruiz Aff. ¶ 5. Since approximately 2007, he has accompanied immigrants to immigration court and ICE-related appointments on a regular basis, often weekly or more. *Id.* ¶ 7. His injury is concrete, particularized, and ongoing. Beginning in or around spring 2025, he observed and experienced hostile and frightening actions from government employees, with regular federal-law-enforcement presence in and around court spaces, absent any clear operational purpose. *Id.* ¶ 13.

13. On June 25, 2026, Rev. Ruiz went to 26 Federal Plaza to accompany a family. He was wearing a clerical collar. *Id.* ¶ 14. He sat in the courtroom gallery, took notes, offered support, did not disrupt the hearing, did not speak loudly, and did not block anyone. *Id.* A court employee asked who he was. When he responded that he was the family's priest he was ordered to get up and leave despite stating that he had a right to be present. *Id.* Rev. Ruiz also personally experienced ICE-specific interference with pastoral accompaniment at 26 Federal Plaza on January 6, 2026, when he was physically moved away from a family he was accompanying, threatened with arrest, and prevented from continuing protected pastoral counseling and accompaniment. *Id.* ¶ 25.

14. That showing closely tracks the standing analysis the Court credited as to Father Arias. The Court emphasized that Father Arias's future injury was not speculative because he had a nearly twenty-year practice of attending immigration court, had been repeatedly excluded from courtrooms and public areas, continued to attend because his faith required it, and faced "the real possibility of being excluded again, silenced, or expelled simply for fulfilling [his] religious duty." Arias, slip op. at 72–73, ECF No. 62. Rev. Ruiz alleges the same kind of concrete, recurrent, faith-based obligation. Ruiz Aff. ¶¶ 21–22. His injury is not idiosyncratic; it is the same injury Plaintiffs assert on behalf of individuals whose protected activity depends on meaningful access to immigration-court spaces.

15. Finally, Rev. Ruiz's relief is adequately aligned: he seeks only the ability to attend ordinary, non-closed immigration-court hearings as provided by law. *Id.* ¶ 23. He expressly recognizes the need to preserve lawful hearing closures, confidentiality, capacity limits, courtroom order, building security, and legitimate law-enforcement activity. *Id.* ¶ 24. He does not seek relief antagonistic to absent class members; he seeks the same indivisible injunctive protection.

**C. With Mr. Kelly withdrawn as a named plaintiff, appointment of Mr. Kelly as putative class counsel is appropriate.**

16. Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In appointing class counsel, the Court must consider counsel's work identifying or investigating potential claims, counsel's experience in handling class actions, other complex litigation, and the types of claims asserted, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. Fed. R.

Civ. P. 23(g)(1)(A). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4).

17. The existing record satisfies those factors. Mr. Kelly has regularly attended the New York City immigration courts since approximately March or April 2025 as a public observer, attorney, researcher, and volunteer. Second Decl. of Stephen Kelly ¶¶ 4–7, ECF No. 56. His work has included hundreds of hours of court observation, accompaniment, witness conversations, factual investigation, contemporaneous notes, locating and communicating with potential declarants, reviewing public reporting and video evidence, and assembling the record supporting this litigation. *Id.* ¶ 8. He was among the first attorneys, to his knowledge, to identify the access, speech, and intimidation problems that emerged in the courts as a connected civil-rights problem rather than isolated courthouse incidents. *Id.* ¶ 9.

18. Mr. Kelly has simultaneously conducted legal research into the First Amendment right of access to immigration proceedings, courthouse and court-adjacent speech restrictions, retaliation and chilling of protected activity, EOIR rules, Rule 23(b)(2) civil-rights classes, Rule 23(g) adequacy, and authorities concerning injunctions against federal law-enforcement conduct. *Id.* ¶ 10.

19. The fact that Mr. Kelly has not previously represented a certified federal class does not preclude appointment. Rule 23(g)(1)(A) requires consideration of experience, but does not impose categorical requirements. See Fed. R. Civ. P. 23(g)(1)(A)(ii). Mr. Kelly's background includes litigation and adversarial regulatory work, including work as a private contractor seconded to the Department of Justice Civil Frauds Division, where he developed legal theories and evidentiary records for complex civil litigation affecting large groups of people. Second Kelly Decl. ¶ 12, ECF No. 56. He has also pursued law-and-

6

justice work connected to the Americas, including as the Law and Justice in the Americas Fellow at Boston College and as a Clough Fellow conducting academic legal research concerning U.S.–Central America ties. *Id.* ¶ 13.

20. Finally, Mr. Kelly's attempts to secure outside class- or civil-rights counsel do not undermine his appointment. He repeatedly attempted to recruit experienced litigators, organizations, elected officials, coalitions of lawyers, and organizational counsel, particularly after gathering evidence, identifying named plaintiffs, outlining the legal issues, substantially drafting the complaint, and filing the complaint. *Id.* ¶¶ 14–16.

## III. CONCLUSION

21. For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to withdraw Stephen Kelly as a named plaintiff, grant leave to add Rev. Juan Carlos Ruiz as a named plaintiff, appoint Stephen Kelly as interim counsel for the putative class under Rule 23(g)(3) and as class counsel upon certification under Rules 23(c)(1)(B) and 23(g), and grant such other relief as the Court deems just and proper.


Dated: July 6, 2026
New York, New York

Respectfully submitted,

/s/ Stephen Kelly
Stephen Kelly
Counsel for Plaintiffs
32 Court Street, 904
Brooklyn, NY 11201
(929) 270-9905 | stephen@philanthropy-law.com

7