UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 7/13/2026

x

FR. FABIÁN ARIAS, STEPHEN KELLY, LAURA MCCALLUM, DEBBIE NATHAN, DR. ZOEY PHILLIPS,

Plaintiffs,

-against-

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, in his official capacity as the senior official performing the duties of the Director of U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity as Acting Attorney General; GENERAL SERVICES ADMINISTRATION; and EDWARD FORST, in his official capacity as Administrator of General Services,

Defendants.

x

26-cv-2130 (CM)

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO INTERVENE**

McMahon, J.:

Proposed intervenor Towaki Komatsu moves for leave to file a motion to intervene in this action. Dkt. No. 78. The motion is DENIED.

Federal Rule of Civil Procedure 24 provides for intervention of right and permissive intervention. "Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the

property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). "Failure to satisfy any one of these [four] requirements is a sufficient ground to deny the application." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) (internal quotation marks omitted).

Under Rule 24(a)(2), a proposed intervenor must have a "direct, substantial, and legally protectable" interest in the subject matter of the action. *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (internal quotation marks omitted). Moreover, intervention "cannot be used as a means to inject collateral issues into an existing action." *Id.* (internal quotation marks omitted); *see also Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

The Second Circuit has also explained the ancillary nature of intervention. "Intervention is a procedural means for entering an existing federal action." *Disability Advocs., Inc. v. New York Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012). Thus, "since intervention contemplates an existing suit in a court of competent jurisdiction and because intervention is ancillary to the main cause of action, intervention will not be permitted to breathe life into a 'nonexistent' law suit." *Id.* at 160–61 (quoting *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965)).

Mr. Komatsu has not identified the interest required by Rule 24(a)(2). This action concerns public access to ordinary, non-closed immigration court hearings and related speech and accompaniment in immigration-court spaces. Mr. Komatsu's proposed grounds for intervention concern alleged misconduct by federal courthouse security officers and the United States Marshals

Service dating back to 2018, as well as his disagreement with a filing-restriction order entered by Judge Valerie E. Caproni in *Butler v. City of New York*, No. 15-cv-3783 (VEC). Those subjects are collateral to claims at issue in this action. They do not give Mr. Komatsu a direct, substantial, and legally protectable interest in this litigation.

Nor will disposition of this action impair or impede Mr. Komatsu's ability to protect any interest he may have. This Court will not adjudicate the legality of the conduct allegedly directed at Mr. Komatsu by courthouse security officers or the United States Marshals Service, and its rulings will not determine the validity or application of the filing restrictions imposed in *Butler*. Mr. Komatsu therefore has no right to intervene under Rule 24(a)(2).

Permissive intervention is equally unwarranted. Rule 24(b)(1)(B) provides that, on timely motion, the Court may permit a person to intervene if that person "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Mr. Komatsu identifies no such common question. His allegations concerning courthouse security officers, the United States Marshals Service, and the *Butler* filing restriction share no question of law or fact with plaintiffs' claims concerning public access, speech, and accompaniment at immigration courts.

Rule 24(b)(3) further requires the Court, in exercising its discretion, to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court has already issued its Opinion and Order resolving defendants' motion to dismiss, plaintiffs' motion for class certification, and plaintiffs' motion for a preliminary injunction, except for settling the precise terms of the injunction. Dkt. No. 62. The remaining Rule 65 proceedings concern the form of that relief. Introducing Mr. Komatsu's unrelated

allegations at this stage would not assist the Court in resolving that issue and would risk delaying the proceedings between the existing parties.

Mr. Komatsu seeks leave to file an additional, longer motion at a later time. To the extent his present submission is itself construed as a motion to intervene, it also does not comply with Rule 24(c), which provides: "The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Mr. Komatsu has not submitted a pleading setting out any claim or defense for which intervention is sought. The Court does not, however, rest its decision solely on that procedural omission. The request independently fails under Rules 24(a) and 24(b) for the substantive reasons stated above.

The Court notes that the filing-restriction order attached to Mr. Komatsu's submission found that, "since 2020, Mr. Komatsu has filed similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil Procedure 24 — in at least thirteen cases," and thereafter required him to obtain leave before filing documents in cases to which he is not a party. Dkt. No. 78 at 3, 5.

This Court has no authority in this action to modify or vacate the filing-restriction order entered in *Butler*. Any request to modify or vacate that order must be filed on the docket in *Butler* and addressed to Judge Caproni. Any request for appellate review of an appealable order entered in *Butler* must be pursued, subject to all applicable jurisdictional and timeliness requirements, in the United States Court of Appeals for the Second Circuit.

Likewise, any claim seeking relief for alleged misconduct by courthouse security officers or the United States Marshals Service must be asserted, if at all, in a separate action against the

appropriate defendants. Intervention in this action cannot serve as the procedural vehicle for commencing or adjudicating that separate controversy.

The Clerk of Court is respectfully directed to terminate the motion at Docket Number 78.

SO ORDERED.

Dated: July 13, 2026
New York, New York

U.S.D.J

BY ECF TO ALL COUNSEL