UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x

FR. FABIÁN ARIAS, STEPHEN KELLY, LAURA MCCALLUM, DEBBIE NATHAN, DR. ZOEY PHILLIPS,

Plaintiffs,

-against-

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, in his official capacity as the senior official performing the duties of the Director of U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity as Acting Attorney General; GENERAL SERVICES ADMINISTRATION; and EDWARD FORST, in his official capacity as Administrator of General Services,

Defendants.

x

26-cv-2130 (CM)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO WITHDRAW AND ADD A PARTY AND TO APPOINT CLASS COUNSEL**

McMahon, J.:

Plaintiffs move for an order (1) permitting Stephen Kelly to withdraw as a named plaintiff; (2) granting leave to file an amended complaint adding Reverend Juan Carlos Ruiz as a named plaintiff; and (3) appointing Kelly as interim counsel for the putative class and prospectively as class counsel if a class is later certified. Dkt. Nos. 73–75. Defendants take no position on Kelly's

withdrawal and oppose the requests to add Ruiz and appoint Kelly as interim counsel. Dkt. No. 81.

For the following reasons, the motion at Docket Number 73 is DENIED WITHOUT PREJUDICE.

## I. Addition of Ruiz as a Named Plaintiff

Plaintiffs expressly seek leave to file an amended complaint adding Ruiz as a named plaintiff. Federal Rule of Civil Procedure 15(a)(2) provides:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15 applies to an amendment adding a party. *In re Orion HealthCorp, Inc.*, 95 F.4th 98, 102 (2d Cir. 2024) (per curiam) ("We thus conclude that Rule 15(a) does apply to amendments seeking to add parties."). Rule 21 separately provides that, "On motion or on its own, the court may at any time, on just terms, add or drop a party."

Because Plaintiffs are represented by counsel and seek leave under Rule 15(a)(2), their motion is governed by Local Civil Rule 15.1(a), which provides:

> All motions made by a represented party under Fed. R. Civ. P. 15(a)(2) or (d) must also include as an exhibit (1) a clean copy of the proposed amended or supplemental pleading; and (2) a version of the proposed pleading that shows—through redlining, underlining, strikeouts, or other similar typographic method—all differences from the pleading that it is intended to amend or supplement.

Plaintiffs attached neither a clean proposed amended complaint nor a version showing the proposed changes. Ruiz's declaration supplies evidence that might support an amendment, but it is not a pleading. It does not set out in pleading form the claims Ruiz would assert, the Defendants against whom he would assert them, the factual allegations supporting each claim, or the relief he would seek. Without the proposed pleading, the Court cannot determine whether the requested amendment satisfies Rules 15, 20, and 21.

The request to add Ruiz is therefore DENIED WITHOUT PREJUDICE to a properly supported motion complying with Local Civil Rule 15.1.

Plaintiffs are also reminded that Local Civil Rule 15.1(b) provides:

> The granting of a motion under Rule 15(a)(2) or (d) does not constitute the filing of the amended or supplemental pleading. Unless the court orders otherwise, a represented moving party must file the new pleading within seven days of the order granting the motion.

Accordingly, even if leave to amend is later granted, Ruiz will not become a party until the approved amended complaint is filed. If Plaintiffs propose Ruiz as a class representative, he must first be made a party through an operative pleading before the Court can consider certifying him as a representative.

## II. Appointment of Class Counsel

Plaintiffs also request that the Court appoint Kelly as interim counsel for the putative class and appoint him prospectively as class counsel if a class is later certified. Both requests are DENIED WITHOUT PREJUDICE.

Rule 23(g)(3) provides that "[t]he court *may* designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) (emphasis added). Interim appointment is therefore discretionary. The Advisory Committee explained that interim counsel may be designated "if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment (discussing then-Rule 23(g)(2)(A), now Rule 23(g)(3)). Ordinarily, however, precertification work "is handled by the lawyer who filed the action"; formal designation may become appropriate when "there may be rivalry or uncertainty" among counsel. *Id.* The Advisory Committee further explained that "[f]ailure to make the formal designation does not prevent the attorney who filed the action from proceeding in it." *Id.* Thus, denying Kelly court-appointed status as interim class

counsel does not prevent him from continuing to litigate the named Plaintiffs' claims or from undertaking appropriate precertification work.

Consistent with these principles, courts in this District generally require a showing that interim appointment would serve a present need of the putative class. *See Sullivan v. Barclays PLC*, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (denying interim appointment where the applicants had not shown why appointment would be beneficial or necessary). Here, the prior certification motion has been denied without prejudice, no renewed certification motion is pending, and Plaintiffs identify no overlapping class action, competing application for appointment, proposed class settlement, or other circumstance requiring the Court to designate a fiduciary for absent persons now. Kelly remains free to represent the named Plaintiffs, conduct appropriate discovery, and prepare a renewed certification motion. Formal appointment would add no identified protection or efficiency at this stage.

If interim appointment were otherwise necessary, candidates would be evaluated under the requirements governing appointment of counsel for a certified class. "Candidates for interim class counsel are evaluated under the same rubric as potential counsel for certified classes." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012); *see also In re Municipal Derivatives Antitrust Litigation*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Rule 23(g)(1)(A) requires consideration of counsel's investigative work, experience handling class actions and other complex litigation and the types of claims asserted, knowledge of the applicable law, and resources counsel will commit to representing the class. The Court must ultimately be able to find that appointed counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The Second Circuit has emphasized that counsel for a class assumes responsibilities to absent persons that may

differ from counsel's customary obligations to individual clients. *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 262–63 (2d Cir. 2021).

The present record supplies some information relevant to these considerations. Since approximately March 2025, Kelly has attended the New York City immigration courts regularly and in several capacities. Dkt. No. 56, ¶¶ 4–7. He reports devoting hundreds of hours to court observation, accompaniment, witness interviews, factual investigation, review of public reporting and video evidence, locating declarants, and assembling the record. *Id.*, ¶ 8. He also researched the First Amendment, EOIR regulations, preliminary-injunction standards, administrative law, and Rule 23. *Id.*, ¶ 10. Kelly has served as counsel throughout this litigation, including in connection with the preliminary-injunction and class-certification motions. These efforts demonstrate familiarity with the facts and legal issues presented by this action, but they do not, standing alone, establish that Kelly possesses the experience and resources necessary to manage litigation on behalf of a certified class.

The present application does not provide enough information for the Court to make findings on all the Rule 23(g) considerations. Kelly states, accurately and candidly, that he "ha[s] not previously represented a certified class in federal court." *Id.*, ¶ 14. This fact does not categorically disqualify him. But Rule 23(g)(1)(A)(ii) expressly permits consideration of experience in "class actions, other complex litigation, and the types of claims asserted in the action." And "experience with class action litigation is commonly cited by courts as the basis for finding counsel adequate." *Loc. 1522 of Council 4 v. Bridgeport Health Care Ctr., Inc.*, 2018 WL 1419792, at *7 (D. Conn. Mar. 21, 2018).

Moreover, Kelly describes his other litigation experience only generally, stating that he performed work as a private contractor seconded to the Department of Justice's Civil Frauds

Division and helped develop legal theories and evidentiary records in complex civil litigation. *Id.*, ¶ 12. The submission does not specify the duration of that work, the claims involved, his responsibilities in discovery or motion practice, or the extent to which he was responsible for managing complex litigation. Nor does the submission describe the staffing, financial resources, litigation support, or other assistance available for the representation of a class through discovery and final adjudication. The deficiencies identified in the first certification motion make it appropriate to require a fuller showing of class-action experience and resources before making a Rule 23(g) appointment. *See* Dkt. No. 62 at 90–94.

Finally, prospective appointment is premature. Rule 23(c)(1)(B) requires the Court to appoint class counsel in any order that certifies a class. There is presently no proposed class that satisfies Rule 23 and no renewed certification motion before the Court. The Court will therefore decide whether to appoint class counsel if and when Plaintiffs renew their certification motion. Any such motion must include a complete Rule 23(g) submission identifying proposed counsel's relevant experience, responsibilities in comparable litigation, knowledge of the applicable law, and available staffing and resources. Plaintiffs may seek interim appointment earlier only if changed circumstances establish a concrete need for formal designation before certification.

The requests to appoint Kelly as interim counsel and prospectively as class counsel are DENIED WITHOUT PREJUDICE.

### III. Kelly's Proposed Withdrawal

Plaintiffs presented their three requests as related parts of a single proposal. Kelly would withdraw as a named plaintiff and proposed class representative; Ruiz would be added as a named plaintiff and proposed class representative; and Kelly would be appointed as counsel for the putative class. *See* Dkt. No. 75, ¶¶ 1–3. Because Ruiz cannot be added and Kelly cannot be

appointed class counsel on the present record, granting only the withdrawal request would produce a materially different result from the proposal Plaintiffs presented. It would remove Kelly as a plaintiff – and therefore from the protection afforded Named Plaintiffs by the preliminary injunction – without adding Ruiz or appointing Kelly as class counsel.

The Court does not construe the motion as stating that Kelly wishes to relinquish his individual claims and the protection of the preliminary injunction regardless of how the Court resolves the other two requests. The Court therefore declines to grant his withdrawal in isolation. If Kelly wishes to withdraw as a plaintiff unconditionally, regardless of whether Ruiz is added or Kelly is appointed class counsel, he may file a separate motion under Rule 21 clearly so stating. Nothing in this Order prevents Kelly from continuing to represent the existing named plaintiffs in their individual capacities.

## IV. Plaintiffs' July 17 Letter

Plaintiffs have also submitted a letter requesting leave either to "address" recently issued agency guidance in a second amended complaint or to file a separate memorandum addressing that guidance. Dkt. No. 85.

The June 22 Opinion already granted Plaintiffs leave to file a second amended complaint on or before July 22, 2026. Dkt. No. 62 at 96–97. Plaintiffs do not require additional permission to include factual allegations concerning the new guidance. If Plaintiffs seek leave to make amendments beyond the scope authorized by the June 22 Opinion, they must identify the proposed amendments and comply with Local Civil Rule 15.1. Docket Number 85 does neither. The letter is neither granted nor denied, and no further action on it is required.

**Conclusion**

Plaintiffs' motion at Docket Number 73 is DENIED WITHOUT PREJUDICE. Plaintiffs may renew their request to add Ruiz by submitting the materials required by Local Civil Rule 15.1. Any renewed request concerning class certification or appointment of class counsel must comply with Rule 23 and the requirements identified in the June 22 Opinion.

The Clerk of Court is respectfully directed to terminate the motion at Docket Number 73 and, to the extent the July 17 letter was administratively docketed as a motion, to terminate the motion event associated with Docket Number 85.

SO ORDERED.

Dated: July 20, 2026
New York, New York

U.S.D.J.