UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

FR. FABIÁN ARIAS, STEPHEN KELLY,
LAURA    MCCALLUM,    DEBBIE
NATHAN, DR. ZOEY PHILLIPS,

               Plaintiffs,

     -against-

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT;        DAVID        J.
VENTURELLA, in his official capacity as
the senior official performing the duties of
the Director of U.S. Immigration and
Customs        Enforcement;        U.S.
DEPARTMENT      OF      HOMELAND
SECURITY; MARKWAYNE MULLIN, in
his    official    capacity    as    Secretary    of
Homeland Security; U.S. DEPARTMENT
OF JUSTICE; TODD BLANCHE, in his
official capacity as Acting Attorney General;
GENERAL                    SERVICES
ADMINISTRATION;        and        EDWARD
FORST,    in    his    official    capacity    as
Administrator of General Services,

               Defendants.

—————————————————————————— x

26-cv-2130 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2026

## ORDER GRANTING PRELIMINARY INJUNCTION

McMahon, J.:

     Plaintiffs moved for a preliminary injunction requiring Defendants to provide public access

to presumptively open immigration hearings at the New York Immigration Courts located at 26

Federal Plaza and 290 Broadway.  By Opinion and Order dated June 22, 2026, the Court granted

in part Plaintiffs' motion for a preliminary injunction and directed the parties to submit proposed

language governing its terms. *Arias v. U.S. Immigration & Customs Enforcement*, 2026 WL 1785997 (S.D.N.Y. June 22, 2026) (the "June 22 Opinion").

The Court has considered Plaintiffs' proposed order and supporting submissions, Dkt. Nos. 63–72, Defendants' opposition and supporting submissions, Dkt. Nos. 82–84, and the entire record. For the reasons stated in the June 22 Opinion, the Court finds that Plaintiffs have established their entitlement to the relief specified below. The relief protects Plaintiffs' qualified First Amendment right to observe non-closed immigration court hearings that are presumptively open to the public.

Public access serves the First Amendment's structural role in democratic government by enabling the public and press to monitor the exercise of governmental power, understand how immigration law is administered, and contribute to informed discussion of governmental affairs. It also educates the public about the workings of government and fosters confidence that established procedures and standards of fairness are being observed. *See, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) (discussing the "educative effect of public attendance," including the "intelligent acquaintance acquired with the methods of government" and the "strong confidence in judicial remedies" that "could never be inspired by a system of secrecy" (quoting 6 J. Wigmore, Evidence § 1834, at 438 (J. Chadbourn rev. 1976))); *id.* at 587 (Brennan, J., concurring in the judgment) (explaining that the First Amendment "has a structural role to play in securing and fostering our republican system of self-government").

Accordingly, pursuant to Federal Rule of Civil Procedure 65, it is hereby **ORDERED** that:

## 1. DEFINITIONS

**1.1** "Federal Plaza Court" means the Executive Office for Immigration Review ("EOIR") immigration court located at 26 Federal Plaza, New York, New York.

**1.2** "Broadway Court" means the EOIR immigration court located at 290 Broadway, New York, New York.

**1.3** "Covered Court" means the Federal Plaza Court or the Broadway Court. It does not include 201 Varick Street or any other location.

**1.4** "Covered Hearing" means an in-person immigration hearing at a Covered Court that is required to be open to the public and that has not been lawfully closed or subjected to a lawful attendance limitation. A hearing is not a Covered Hearing, or public attendance may be limited, to the extent that:

(a) the physical facility requires a reasonable limit on attendance, with priority given to the press over the general public, as provided by 8 C.F.R. § 1003.27(a);

(b) the Immigration Judge limits attendance or closes the hearing to protect a witness, a party, or the public interest, as provided by 8 C.F.R. § 1003.27(b);

(c) the proceeding concerns an abused spouse and that spouse has not agreed to public access, or concerns an abused child, as provided by 8 C.F.R. § 1003.27(c);

(d) information subject to a protective order and filed under seal may be considered, or another then-applicable law requires closure to protect sealed, classified, or confidential information, as provided by 8 C.F.R. §§ 1003.27(d), 1003.31(d), 1003.46, or 1208.6; or

(e) in an evidentiary hearing on an application for asylum or withholding of removal, the respondent expressly requests closure, as provided by 8 C.F.R. § 1240.11(c)(3)(i).

**1.5** "EOIR Public Waiting Area" means a waiting area at a Covered Court that EOIR makes available to respondents, counsel, witnesses, family members, observers, or other visitors.

**1.6** "Necessary Public Access Route" means the ordinary public building entrance, security-screening area, elevator or stairway, and public hallway or corridor that a visitor must use to travel between the building entrance and a Covered Court's courtrooms or EOIR Public Waiting Areas.

It does not include nonpublic offices, restricted or secure areas, detention or holding areas, or staff-only routes. A route does not cease to be a Necessary Public Access Route merely because access to it is temporarily restricted under paragraph 4.3 or 6.2.

## 2. PERSONS BOUND

**2.1**    Subject to the limitations in this Order, the following are bound upon receiving actual notice by personal service or otherwise:

(a) the U.S. Department of Justice and Todd Blanche, in his official capacity as Acting Attorney General, together with their officers, agents, servants, employees, and attorneys responsible for operations at a Covered Court, including responsible EOIR officials, Immigration Judges, court administrators, clerks, and other court personnel;

(b) the U.S. Department of Homeland Security and Markwayne Mullin, in his official capacity as Secretary of Homeland Security, together with their officers, agents, servants, employees, and attorneys responsible for building security or access control at 26 Federal Plaza or 290 Broadway, including responsible Federal Protective Service ("FPS") personnel and contract Protective Security Officers ("PSOs");

(c) the General Services Administration and Edward Forst, in his official capacity as Administrator of General Services, together with their officers, agents, servants, employees, and attorneys responsible for building management at 26 Federal Plaza or 290 Broadway; and

(d) any other person who receives actual notice of this Order and is in active concert or participation with a person described in paragraph 2.1(a), (b), or (c), within the meaning of Federal Rule of Civil Procedure 65(d)(2)(C).

**2.2**    U.S. Immigration and Customs Enforcement ("ICE") and its Acting Director David J. Venturella are not directly enjoined. ICE, or an officer or employee of ICE, is bound only to the extent that the requirements of paragraph 2.1(d) are satisfied.

### 3.  ACCESS TO COVERED HEARINGS – DOJ AND EOIR

**3.1**  The persons bound under paragraph 2.1(a) cannot apply any categorical rule or practice prohibiting observers or members of the public from attending Covered Hearings.

**3.2**  Access to a Covered Hearing cannot be conditioned on an observer's:

(a) obtaining advance permission from EOIR or court personnel;

(b) being related to, representing, or otherwise having a preexisting relationship with a respondent;

(c) obtaining a respondent's consent, unless consent is required for a lawful closure determination in that particular proceeding; or

(d) stating a purpose for attending other than public observation.

Nothing in this paragraph prevents an Immigration Judge from asking visitors to identify themselves, or prevents enforcement of a neutral identification requirement otherwise authorized by law.

**3.3**  While a Covered Hearing is in progress and public seating is available, the exterior courtroom door must remain unlocked and open sufficiently to make public access apparent, unless an actual security, confidentiality, noise, or courtroom-order concern requires the door to remain closed.  If the door remains closed or locked, court personnel must provide a readily apparent and practical means for an observer to request admission without materially disrupting the proceeding.

**3.4**  A person cannot be removed from a Covered Hearing solely because that person is an observer, journalist, clergy member, attorney observer, psychologist, volunteer, accompanier, family member, or support person.

**3.5**    If an observer is denied entry solely because no public seat is available, the observer must be permitted to enter when a public seat becomes available, subject to press priority, any neutral first-come queue, and any other lawful restriction.

## 4.  BUILDING ENTRY AND NECESSARY PUBLIC ACCESS ROUTES – DHS, FPS, AND GSA

**4.1**    During ordinary public operating hours, the persons bound under paragraphs 2.1(b) and (c) must keep the Necessary Public Access Routes open and available to persons seeking to:

(a) observe a Covered Hearing;

(b) accompany a respondent or another willing person to or from a Covered Court; or

(c) engage in communication described in Section 5.

**4.2**    The persons bound under paragraph 2.1(c) cannot direct, establish, or maintain a building-management restriction inconsistent with paragraph 4.1.

**4.3**    Sections 4.1 and 4.2 do not prohibit:

(a) the same identification and security screening ordinarily required of other visitors;

(b) first-come, first-served screening and queuing;

(c) enforcement of a posted building closure or a restriction based on an actual emergency or security condition;

(d) a temporary restriction needed to prevent or remedy actual overcrowding, obstruction of an entrance, exit, elevator, stairway, screening area, or corridor, interference with federal employees or other visitors, disruption of government operations, or a safety hazard;

(e) enforcement of a lawful instruction to use an alternate public route that remains open to the Covered Court; or

(f) denial of access to a nonpublic, restricted, secure, detention, holding, or staff-only area.

**4.4**    A restriction under paragraph 4.3(c), (d), or (e) may last only while the condition supporting it exists and may extend only to the portion of the building physically affected by that condition.

## 5. COMMUNICATION AND ACCOMPANIMENT IN EOIR PUBLIC WAITING AREAS – DOJ AND EOIR

**5.1**    The persons bound under paragraph 2.1(a) cannot categorically prohibit quiet, consensual, noncommercial communication in an EOIR Public Waiting Area, or prevent a person in such an area from accompanying a willing respondent or other participant in an immigration proceeding, unless the restriction is based on an actual condition or conduct identified in paragraph 5.4.

**5.2**    The persons bound under paragraph 2.1(a) cannot prohibit such communication or accompaniment because of the actual or perceived viewpoint of the speaker or the willing recipient.

**5.3**    Subject to paragraph 5.4, the protected communication includes:

(a) a quiet one-to-one conversation with a willing respondent, family member, or other person;

(b) requested pastoral counseling, prayer, emotional support, court accompaniment, or court-navigation assistance; and

(c) providing to a willing recipient, during a quiet one-to-one conversation, a copy of a business card or written legal-services, religious-services, or community-resource information.

**5.4**    This Section does not prohibit enforcement of a neutral rule based on actual capacity, congestion, noise, obstruction, disruption, safety, confidentiality, or interference with orderly movement or court operations.  It does not authorize:

(a) speaking to or approaching a person who has indicated that communication is unwelcome;

(b) harassment, threats, coercion, crowding, or obstruction;

(c) speaking, counseling, praying aloud, or passing materials inside a courtroom while a hearing is underway, unless the Immigration Judge expressly permits it;

(d) commercial solicitation or in-person solicitation prohibited by applicable professional-conduct or EOIR rules;

(e) conduct that violates a lawful, viewpoint-neutral requirement governing general distribution of materials, including 6 C.F.R. § 139.60.

## 6. PRESERVED GOVERNMENT AUTHORITY

**6.1**    Nothing in this Order:

(a) requires admission to a hearing that is lawfully closed or subject to a lawful attendance limitation;

(b) limits an Immigration Judge's lawful authority to protect witnesses, parties, confidential information, or the public interest; sequester witnesses; maintain courtroom order; regulate entry and exit during an ongoing hearing; or enforce lawful restrictions on recording or photography;

(c) prevents enforcement of neutral building-security screening, identification, safety, emergency, capacity, congestion, noise, obstruction, or orderly-movement requirements;

(d) grants access to a nonpublic, restricted, secure, detention, holding, administrative, chambers, or staff-only area; or

(e) authorizes any person to obstruct or physically interfere with an arrest, detention, transport, removal, law-enforcement or security operation, or emergency response; enter a secured perimeter; approach a person in custody; or disregard a lawful safety or movement instruction.

**6.2**    During an actual law-enforcement or emergency operation, the persons bound may temporarily restrict access to the affected portion of a Necessary Public Access Route, but only to the extent and for the time reasonably necessary to conduct the operation safely. The restriction must be limited to the affected area, and access otherwise required by this Order must resume after the operational need ends.

**6.3** Nothing in this Order modifies or supersedes any order entered in *African Communities Together & The Door v. Lyons*, No. 25-CV-6366 (PKC), including the Orders dated May 18 and July 16, 2026. *See* 2026 WL 1382944 (S.D.N.Y. May 18, 2026); 2026 WL 2070047 (S.D.N.Y. July 16, 2026). This Order neither authorizes nor restrains any arrest or other civil immigration enforcement action and does not decide whether any particular action complies with an order entered in that case, the April 27, 2021 ICE policy, or other applicable law. This Order addresses only public access to immigration proceedings.

## 7. PERSONAL SCOPE AND INCIDENTAL BENEFITS

**7.1** The injunctive relief ordered in Sections 3 and 4 applies at the Federal Plaza Court, located at 26 Federal Plaza, and the Broadway Court, located at 290 Broadway, including the Necessary Public Access Routes serving those courts. Section 5 governs communication and accompaniment in the EOIR Public Waiting Areas at those courts. Compliance requires Covered Hearings to remain accessible at all times while they are in progress, Necessary Public Access Routes to remain open and available at all times while the Covered Courts are open to the public for scheduled in-person proceedings, and the communications and accompaniment described in Section 5 to be permitted at all times while the relevant waiting areas are open, subject in each instance to the limitations and exceptions stated in this Order. Implementing these obligations necessarily requires generally applicable, facility-wide policies and practices. The Court recognizes that such measures may have "the practical effect of benefiting nonparties." *Trump v. CASA, Inc.*, 606 U.S.

- 9 -

831, 852 (2025).  Any resulting benefit is "merely incidental" and does not make a nonparty a person entitled to enforce this Order.  *Id.*

## 8.   NOTICE AND IMPLEMENTATION

**8.1**   Within three business days after entry of this Order:

(a) DOJ must transmit a complete copy of this Order to the Assistant Chief Immigration Judges and Court Administrators responsible for the Federal Plaza Court and Broadway Court, with instructions to provide it to Immigration Judges, clerks, and other EOIR personnel whose duties include courtroom access or administration of EOIR Public Waiting Areas at those courts;

(b) DHS must transmit a complete copy of this Order to the FPS Region 2 official responsible for 26 Federal Plaza and 290 Broadway, the FPS supervisors responsible for those buildings, and each PSO contractor assigned to provide access control or building security at those buildings, with instructions to provide it to PSOs assigned there; and

(c) GSA must transmit a complete copy of this Order to the GSA building manager or other GSA official responsible for management of 26 Federal Plaza and 290 Broadway.

**8.2**   Within five business days after entry of this Order, DOJ, DHS, and GSA must file one or more declarations certifying completion of paragraph 8.1 and identifying the recipients or groups of recipients to whom the Order was transmitted.

**8.3**   Agency memoranda and other internal instructions may provide additional protection consistent with this Order, but they are not incorporated into it.  If an internal instruction conflicts with this Order, this Order controls.

## 9.   SECURITY

Defendants have not shown a likelihood of monetary harm resulting from compliance with this Order.  The Order preserves all lawful hearing closures, capacity limits, confidentiality protections, courtroom-order measures, building-security requirements, and law-enforcement

activity.  Pursuant to Federal Rule of Civil Procedure 65(c), security is set at zero dollars, and no bond is required.

## 10. DURATION

This Preliminary Injunction is effective immediately upon entry and remains in effect until final judgment or further order of the Court.

Plaintiffs' motion at Dkt. No. 32 is **GRANTED IN PART** and **DENIED IN PART** to the extent stated in this Order and the June 22 Opinion.  Dkt. No. 62.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 32.

**SO ORDERED.**

Dated: July 21, 2026
New York, New York

_____
U.S.D.J.