| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | 1:26-cv-02130 (CM) |
|---|---|
| FR. FABIÁN ARIAS, *et al.* Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.,* Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ADD REVEREND JUAN CARLOS RUIZ AS A NAMED PLAINTIFF AND FOR LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ADD REVEREND JUAN CARLOS RUIZ AS A NAMED PLAINTIFF AND FOR LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1.      Defendants' July 24 letter identifies a genuine procedural defect and a practical cure: ECF No. 88 should not remain operative, and Plaintiffs should file a proper replacement pleading. Plaintiffs accept that course and submit the complete cure with this motion. *See* ECF No. 96, at 1–2.

2.      Plaintiffs ask the Court to permit the exact proposed Second Amended Complaint attached to this motion. The request is substantial but bounded. It concerns the same continuing controversy over public access and protected activity at New York City immigration-court facilities; it does not seek damages, unrelated claims or defendants, or relief against lawful enforcement operations.

3.      The July 20 Order supplies the procedure. It authorized allegations concerning newly issued guidance and directed Plaintiffs to identify broader amendments and proceed under Local Civil Rule 15.1. ECF No. 86, at 7–8. Plaintiffs now submit a clean proposed pleading, a true

1

redline against ECF No. 40, supporting declarations, and proposed orders. Rules 15(a)(2) and 15(d) authorize amendment and supplementation; Rules 20(a)(1) and 21 authorize Reverend Juan Carlos Ruiz's joinder; and Rules 16(b)(4) and 6(b)(1)(B) permit relief from the expired deadline.

4.      Good cause exists. Counsel learned of Reverend Ruiz's work only after the June 22 Order and first met with him on June 29. Counsel then investigated his longstanding work at the immigration courts, the recurring circumstances of his visits, the potential effects of litigation on his ministry, his willingness to proceed, and possible prejudice to the existing Plaintiffs or proposed class. That factual and legal investigation required multiple meetings and verification; accuracy could not responsibly be achieved through an immediate application.

## BACKGROUND

5.      ECF No. 40 alleges recurring restrictions on observing open immigration hearings and engaging in quiet communication, accompaniment, information-sharing, and related protected activity in and around New York City immigration courts. The June 22 Opinion recognized a qualified First Amendment right to observe ordinary, non-closed hearings and sustained speech, association, selective-enforcement, and retaliation claims against DOJ, DHS, GSA, and responsible officials. ECF No. 62, at 59–69.

6.      The Court dismissed ICE and its responsible official without prejudice because ECF No. 40 did not identify a specific ICE officer who, outside an enforcement operation, restricted a named Plaintiff's protected activity or plausibly allege a recurring ICE-specific injury redressable by prospective relief. ECF No. 62, at 33–35. Plaintiffs have chosen not to identify ICE agents by name, even when their identity is known and part of public record. We request an additional opportunity to cure specificity issues, should the proposed Second Amended Complaint

again prove deficient. The Court also dismissed generalized allegations concerning "exterior spaces" and granted limited leave to amend by July 22. *Id.* at 63, 96–97.

7.      On July 20, the Court denied without prejudice Plaintiffs' prior request to add Reverend Ruiz because it lacked a clean proposed pleading and a redline compliant with Local Civil Rule 15.1. ECF No. 86, at 2–3. The Court explained that Ruiz's affidavit was evidence, not a pleading, and that an operative complaint must identify his claims, the Defendants against whom he proceeds, the supporting facts, and the relief sought. *Id.* at 3. The same Order authorized factual allegations concerning new agency guidance and directed Plaintiffs to present any broader amendment through a Local Civil Rule 15.1 motion. *Id.* at 7–8.

8.      ECF No. 88 inappropriately combined legal argument, declarations, and an appended redline rather than presenting one clean, self-contained pleading. Plaintiffs now submit the exact proposed complaint and a true redline against ECF No. 40. The proposed pleading identifies Ruiz's claims, relevant Defendants, direct encounter with ICE-marked officers, repeated removals and threats, continuing ministry, intent to return, and requested prospective relief. *See* ECF No. 74 ¶¶ 5–12, 21–26; ECF No. 90 ¶¶ 4–16, 23–49.

## ARGUMENT

### I. REVEREND RUIZ SHOULD BE ADDED UNDER RULES 15, 20, AND 21

21.      Rule 15(a)(2) governs amendments adding parties. *In re Orion HealthCorp, Inc.*, 95 F.4th 98, 102 (2d Cir. 2024) (per curiam). Rule 20(a)(1) permits joinder when plaintiffs assert rights arising from the same transaction, occurrence, or series of transactions or occurrences and share at least one common question of law or fact. Rule 21 permits the Court, on just terms and at any time, to add a party. The Rules favor broad joinder consistent with fairness and efficient resolution. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

22.     Ruiz's claims arise from the same alleged practices as the existing Plaintiffs' claims: restrictions on public observation, quiet communication, religious accompaniment, noncommercial information-sharing, note-taking, and protected association in and around the same facilities. His claims present common questions concerning agency attribution, categorical or unexplained restrictions, retaliation, recurrence, and prospective relief, while supplying facts responsive to the Court's ICE-specific standing analysis.

23.     Ruiz's January 6 encounter supplies direct ICE attribution. Officers wearing vests marked "ICE" pushed him aside, threatened him with arrest, and ended pastoral counseling while he walked with a family and was not obstructing an arrest, disrupting operations, or refusing a lawful order. ECF No. 74 ¶ 25. He continues to return and expects recurrence. *Id.* ¶¶ 25–26.

24.     His later affidavit describes longstanding accompaniment at 26 Federal Plaza, 290 Broadway, and 201 Varick Street; approximately thirty to forty removals; recent interference on roughly two of every three visits; two removals on July 20; repeated ICE threats; restrictions on note-taking and documentation; and an ongoing pastoral obligation to return. ECF No. 90 ¶¶ 4–16, 23–49. These allegations support concrete, particularized, and continuing injury and are pleaded directly in the proposed complaint.

25.     The proposed complaint therefore cures the deficiencies identified on July 20 by identifying Ruiz's claims, the Defendants against whom he proceeds, the supporting facts, his real and immediate threatened injury, and requested relief. The clean pleading and redline satisfy Local Civil Rule 15.1. Joinder will not prejudice Defendants, who have possessed Ruiz's principal allegations since ECF No. 74, received his later affidavit at ECF No. 90, and addressed his proposed addition in ECF No. 96.

## I. ECF NO. 88 SHOULD BE WITHDRAWN WITHOUT SUBSTANTIVE CONSEQUENCES

9.     Plaintiffs do not defend ECF No. 88 as a properly assembled complaint. It should be deemed withdrawn and without operative effect, or alternatively stricken solely as a procedural matter. The order should provide that ECF No. 40 remains operative until an approved replacement is filed and that withdrawal of ECF No. 88 does not abandon, waive, or adjudicate any surviving claim.

10.     An amended complaint ordinarily supersedes its predecessor. *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020); *Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018). There is no need to dispute the nature of ECF No. 88, and an express order avoids a collateral dispute and creates no prejudice. Defendants have litigated ECF No. 40, know which claims survived, and themselves request a replacement pleading.

## II. THE COURT SHOULD AUTHORIZE THE EXACT PROPOSED PLEADING
### A. Rules 15(a)(2) and 15(d) favor one complete pleading.

11.     Rule 15(a)(2) directs courts to "freely give leave when justice so requires." Absent undue delay, bad faith, repeated failure to cure, undue prejudice, or futility, amendment should permit resolution on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The proposed complaint is complete and submitted with this motion. It replaces ECF No. 88's memorandum-and-appendix structure with one operative pleading containing numbered allegations and a demand for relief.

12.     Although repeated failure to cure may justify denial, this motion does not seek another open-ended opportunity. It places the completed cure before the Court. ECF No. 88's principal defect was form and procedural presentation, and the Court has not assessed the sufficiency of the exact proposed pleading. That pleading remains confined to the same

controversy, preserves lawful closures, confidentiality, capacity limits, neutral security measures, and lawful enforcement activity, and reserves class certification and appointment of class counsel for separate Rule 23 motion practice.

13.     Rule 15(d) permits a supplemental pleading addressing events occurring after the pleading to be supplemented, even if the earlier pleading was defective. Fed. R. Civ. P. 15(d). Supplementation is appropriate where later conduct forms part of the same continuing dispute and avoids unnecessary separate litigation. *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226–27 (1964); *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

14.     The supplemental allegations concern the same facilities, agencies, personnel categories, protected activities, injuries, and prospective remedies already at issue. They describe later guidance, its implementation, continuing restrictions on observation and communication, and incidents bearing on recurrence. Plaintiffs do not use post-filing events alone to create standing retroactively; the proposed complaint pleads pre-filing conduct and uses later events to show continuation and the present need for prospective relief. The July 20 Order already authorized allegations concerning the new guidance. ECF No. 86, at 7.

**B. The July 20 Order provides the procedural route.**

15.     The July 20 Order directed Plaintiffs to identify amendments beyond the June 22 authorization and present them under Local Civil Rule 15.1. ECF No. 86, at 7–8. Plaintiffs comply by submitting the exact proposed pleading, a clean copy, a true redline against ECF No. 40, and this motion identifying the broader amendments.

16.     Plaintiffs do not seek reconsideration under Local Civil Rule 6.3 or vacatur of the June 22 Order's holdings on the record then before the Court. They ask the Court to exercise the

6

Rule 15 authority contemplated by the July 20 Order and approve one specific pleading. Approval would supersede the prior issue-specific limitation only as necessary to permit that pleading.

17.    The proposed complaint directly addresses the Court's concerns: it identifies the exterior locations and access routes at issue; attributes challenged conduct among Defendant agencies; distinguishes interference with protected activity from lawful enforcement operations; incorporates material facts into numbered allegations; and states Ruiz's claims and requested relief. The request is therefore concrete and administrable, not a request for unrestricted future amendment.

**C. Rules 16(b)(4) and 6(b)(1)(B) permit relief from the deadline.**

18.    Rule 16(b)(4) permits modification of a scheduling deadline for good cause, principally measured by diligence. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Rule 6(b)(1)(B) permits enlargement after expiration for excusable neglect, considering prejudice, length and effect of delay, reason for delay, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004). The Second Circuit gives greatest weight to the reason for delay. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–70 (2d Cir. 2003).

19.    The June 22 Order set July 22 as the amendment deadline. Counsel learned of Ruiz's work only after that Order and first met with him on June 29. Counsel then investigated his use of the facilities, recurring experiences, litigation's potential effect on his ministry, willingness to proceed, and possible prejudice. The investigation established that Ruiz's allegations address the Court's defendant-specific standing concerns and are supported by declarations developed or supplemented after June 22.

20.    Counsel understood the July 20 Order to permit a fuller response to the new guidance and intervening conduct, but misjudged both the permissible volume and the time needed to present it correctly. Plaintiffs rely on the detailed chronology in counsel's declaration, not complexity alone. The delay was measured in days; no discovery schedule or trial date was displaced; Plaintiffs gained no tactical advantage; and they promptly assembled the complete corrective package after ECF No. 96. Although Defendants oppose the broader amendment, they request the same immediate procedural result,

## IV. THE PROPOSED SCOPE IS BOUNDED AND NONPREJUDICIAL

26.    The proposed complaint remains limited to the same functional controversy. It identifies responsible Defendants and functions; the facilities and particular interior and exterior spaces at issue; the protected activities allegedly burdened; and lawful restrictions Plaintiffs do not challenge. Beyond the June 22 limitation, it adds Ruiz, later events including implementation of new guidance, and conforming revisions concerning attribution, recurrence, standing, redressability, class allegations, and prospective relief. It does not seek present class certification, appointment of class counsel, damages, unrelated causes of action, or relief against lawful enforcement activity.

27.    Prejudice turns on whether amendment would require substantial additional resources, significantly delay resolution, or impair the opposing party's ability to litigate. *Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993). None is present.

## CONCLUSION

28.    The Court should grant the motion and authorize the proposed complaint under Rules 15(a)(2) and 15(d). Alternatively, it should permit withdrawal of ECF No. 88 without substantive consequences, preserve ECF No. 40 until an approved replacement is filed, permit

Ruiz's addition through a compliant pleading, and allow supplementation concerning the agency

guidance and closely related intervening events.


Dated: July 29, 2026
New York, New York

Respectfully submitted,

/s/ Stephen Kelly
Stephen Kelly
Counsel for Plaintiffs
32 Court Street, Suite 904
Brooklyn, New York 11201
929-270-9905
stephen@philanthropy-law.com