| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br>FR. FABIÁN ARIAS, *et al*.<br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, *et al.,*<br>Defendants. | 1:26-cv-02130 (CM)<br><br>**SUPPLEMENTAL AFFIDAVIT OF**<br>**REVEREND JUAN CARLOS RUIZ**<br>**IN SUPPORT OF HIS JOINDER AS**<br>**A NAMED PLAINTIFF** |

**SUPPLEMENTAL AFFIDAVIT OF REVEREND JUAN CARLOS RUIZ**
**IN SUPPORT OF HIS JOINDER AS A NAMED PLAINTIFF**

I, Reverend Juan Carlos Ruiz, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as

follows:

1.    I am an ordained minister and a pastor in Bay Ridge, Brooklyn. I have personal

knowledge of the facts stated in this declaration and could testify competently to them.

2.    I submit this supplemental declaration in support of Plaintiffs' request to join me as a

named plaintiff and my proposed service as a representative of the putative class.

3.    I reaffirm the affidavits I previously submitted in this action at ECF Nos. 74 and 90. The

facts stated in those affidavits remain true and correct. I do not repeat them here except as

necessary to establish my continuing injuries, the federal actors responsible for them, and

my ability to represent the proposed class.

4.    Since approximately 2007, I have regularly accompanied immigrants to New York City

immigration courts as part of my ministry. My work includes observing public hearings;

entering and moving through the buildings with the people I accompany; speaking quietly

and consensually with them; praying with them when requested; taking notes; and

1

remaining with them before and after their proceedings. I intend to continue this work regularly.

5. As described more fully in my prior affidavits, uniformed officers displaying ICE markings physically separated me from a family to whom I was providing pastoral counseling and threatened me with arrest, even though I was not obstructing an arrest or any other lawful enforcement activity.

6. On one occasion, immigration-court personnel removed me from a hearing after I identified myself as the family's priest.

7. Uniformed building-security personnel have removed me from public areas while I was engaged in quiet, consensual pastoral communication.

8. I have also frequently observed guards stationed at the outermost barricades outside 26 Federal Plaza stop people who stated that they were respondents with scheduled immigration-court business. The guards demanded identification, hearing notices, or other papers before allowing them to proceed.

9. When respondents could not produce the identification or papers demanded, I saw guards refuse to permit them to pass the first barricade or enter the building.

10. On several of those occasions, I was present specifically to accompany the respondents. Even after I identified myself as their priest, I was unable to provide the requested accompaniment because the guards would not permit the respondents to proceed. The resulting separation was beyond my control.

11. These restrictions directly burden my ability to speak and associate with the people I accompany, practice my religion, observe public proceedings, and observe the conduct of government personnel. Pastoral accompaniment is time- and place-dependent: it must occur when and where a person is confronting the court or enforcement process. It cannot

be performed effectively somewhere else or recreated after a hearing, exclusion, or separation has occurred.

12. I intend to continue attending New York City immigration-court facilities, including 26 Federal Plaza. Based on my prior experiences and continuing ministry, I expect to encounter the same types of restrictions again. Without declaratory and injunctive relief, I must either curtail parts of my ministry or continue them while facing a continuing risk of exclusion, physical separation, threatened arrest, and loss of future access.

13. Relief preventing categorical or otherwise unjustified interference with these activities would permit me to continue my ministry. I do not seek relief that would prevent lawful courtroom closures, genuine security measures, or lawful enforcement operations.

14. I consent to being joined as a named plaintiff. I seek the same prospective declaratory and injunctive relief arising from the recurring access, communication, exclusion, and retaliation practices challenged by the existing plaintiffs. I have personally encountered those practices, face a real and immediate risk of encountering them again, and assert claims arising from the same course of conduct and legal theories as the other plaintiffs.

15. I understand that, if appointed to represent a class, I would be responsible for protecting the interests of the class, remaining informed about the case, communicating with counsel, responding to discovery, and participating in the litigation as reasonably required. I am willing and able to undertake those responsibilities. I know of no interest that I have that conflicts with the interests of the proposed class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2026, in Brooklyn, New York.


/s/ Rev. Juan Carlos Ruiz
Reverend Juan Carlos Ruiz

3