|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | 1:26-cv-02130 (CM) |
| FR. FABIÁN ARIAS, *et al.*<br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, *et al.,*<br>Defendants. | **MEMORANDUM OF LAW IN**<br>**SUPPORT OF STEPHEN KELLY'S**<br>**SEPARATE AND**<br>**UNCONDITIONAL MOTION TO**<br>**WITHDRAW AS A NAMED**<br>**PLAINTIFF UNDER RULE 21** |

**MEMORANDUM OF LAW IN SUPPORT OF STEPHEN KELLY'S SEPARATE AND UNCONDITIONAL MOTION TO WITHDRAW AS A NAMED PLAINTIFF UNDER RULE 21**

**I. PRELIMINARY STATEMENT**

1. This motion asks for one discrete order: that Stephen Kelly be dropped as a named Plaintiff and proposed class representative under Rule 21. It is the precise separate motion the Court authorized after declining to sever Kelly's withdrawal from Plaintiffs' earlier three-part proposal. The Court stated that, if Kelly wished to withdraw unconditionally regardless of the disposition of the requests concerning Reverend Juan Carlos Ruiz and class counsel, he could file a separate Rule 21 motion clearly saying so. July 20, 2026 Order at 6–7, ECF No. 86 (the "July 20 Order"). Kelly now does exactly that.

2. The requested order is also the narrowest complete cure for the simultaneous representative-and-counsel issue identified in the Court's June 22 Opinion and Order. The Court explained that Rule 23(a)(4) and Rule 23(g)(4) impose distinct fiduciary duties, and that the existing record did not establish that Kelly could discharge both roles at once. Opinion and Order at 92–93, ECF No. 62 (the "June 22 Opinion"). Dropping Kelly as a party categorically ends that overlap while leaving

the remaining Plaintiffs, their claims, the class allegations, and the existing attorney-client relationships otherwise undisturbed.

3.   The motion does not ask the Court to appoint Kelly as interim or class counsel or to make any finding under Rule 23(g). Those questions remain separate. The motion instead implements the role separation contemplated by the Court, causes no prejudice to Defendants or any putative class member, and preserves every issue other than Kelly's own party status.

**II. RELEVANT BACKGROUND**

4.   The June 22 Opinion denied class certification without prejudice and directed that any renewed motion establish typicality and adequacy as to each proposed representative. June 22 Opinion at 90–94. The Court identified Kelly's proposed service as both a class representative and class counsel as an additional structural problem because the two roles carry distinct duties. *Id.* at 92–93. At the same time, the Court expressly stated that its conclusion did not call into question Kelly's work investigating and litigating the action. *Id.* at 93.

5.   Plaintiffs then filed a combined motion seeking three forms of relief: Kelly's withdrawal, Reverend Ruiz's addition, and Kelly's appointment as interim and prospective class counsel. ECF Nos. 73–75. Defendants took no position on Kelly's withdrawal but opposed the other requests. July 20 Order at 1. The Court denied the combined motion without prejudice because granting withdrawal alone would have produced a materially different result from the linked proposal then presented. *Id.* at 6–7.

6.   The Court therefore supplied a direct procedural path: Kelly could file a separate Rule 21 motion making clear that he wished to relinquish his individual claims and named-Plaintiff injunction protection regardless of the disposition of the other requests. *Id.* at 7. The accompanying declaration confirms that Kelly's present request is unconditional, independent, and made with full knowledge of those consequences. Kelly Decl. ¶¶ 4–7.

**III. ARGUMENT**

**A. Rule 21 Authorizes the Requested Withdrawal, and the Motion Satisfies the Court's Express Direction.**

7.   Rule 21 provides that, on motion or on its own, a court may at any time, on just terms, add or drop a party. Fed. R. Civ. P. 21. The Court already identified Rule 21 as the proper vehicle and invited a separate motion that clearly made Kelly's withdrawal unconditional. July 20 Order at 7. The present motion is separate from any request to add Reverend Ruiz, appoint class counsel, certify a class, or obtain other relief. Kelly expressly consents to being dropped, to dismissal of his individual claims without prejudice, and to the resulting loss of named-Plaintiff status and protection under the preliminary injunction. Kelly Decl. ¶¶ 4–7.

8.   Because this motion seeks only an order dropping an existing party under Rule 21, it does not seek leave to amend or supplement a pleading under Rule 15(a)(2) or 15(d). The clean-pleading and redline requirements of Local Civil Rule 15.1 therefore are not implicated. That distinction follows the July 20 Order itself, which required Rule 15.1 materials for the request to add Reverend Ruiz but separately authorized Kelly to seek unconditional withdrawal by a Rule 21 motion. July 20 Order at 2–3, 7.

**B. Withdrawal Is Just and Will Prejudice No Party or Putative Class Member.**

9. The proposed order changes only Kelly's party status. Four other named Plaintiffs - Father Fabián Arias, Laura McCallum, Debbie Nathan, and Dr. Zoey Phillips - remain in the action. Their claims, the operative class allegations, Defendants' defenses, and the existing schedule are not altered. Kelly's withdrawal adds no claim, party, factual theory, or discovery burden. Defendants previously took no position on the withdrawal request. July 20 Order at 1.

10. Courts grant Rule 21 withdrawal in materially similar circumstances. In *Endress v. Gentiva Health Servs., Inc.*, No. 10-CV-5064 (ADS) (WDW), 2011 WL 5220475, at *3 (E.D.N.Y. Nov. 2, 2011), the court granted a named plaintiff's Rule 21 motion because it was unopposed and the court identified no prejudice to the proposed class. The same considerations are present here, with the additional assurance that multiple existing named Plaintiffs remain to prosecute the action.

11. Nor does Rule 23(e) require review of a class settlement or compromise. No class has been certified, Kelly has received no payment or other consideration, and the proposed order resolves no claim of any remaining Plaintiff or absent putative class member. Rule 23(e) applies to the claims, issues, or defenses of a certified class. Fed. R. Civ. P. 23(e)(1). *Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005), likewise recognized that the withdrawal of a putative representative before certification does not require approval as a compromise of class claims.

12. Kelly also knowingly accepts the only material adverse consequence to him. As the Court explained, withdrawal will remove him as a plaintiff and therefore from the protection afforded to named Plaintiffs by the preliminary injunction. July 20 Order at 7. His declaration confirms that he accepts that result regardless of whether Reverend Ruiz is later added, whether any class is certified, or whether Kelly is ever appointed to any class-counsel role. Kelly Decl. ¶¶ 5–7.

**C. Dropping Kelly Is the Narrowest Complete Cure for the Simultaneous Dual-Role Issue.**

13. The June 22 Opinion identified a problem of simultaneity, not a defect in Kelly's factual investigation or litigation work. June 22 Opinion at 92–93. Once Kelly is no longer a party or proposed class representative, he will not owe representative duties under Rule 23(a)(4). The remaining named Plaintiffs will occupy the representative role, while counsel will remain subject to the separate requirements governing attorneys and any later Rule 23(g) application. No interest will be divided between two fiduciary roles held by the same person.

14. Second Circuit precedent confirms that changing the representative structure is an accepted response to a representative-counsel overlap. *Lowenschuss v. Bluhdorn*, 613 F.2d 18, 20 (2d Cir. 1980), affirmed the removal of an attorney serving as class representative and recognized the professional problem presented by simultaneously wearing the hats of representative and class counsel. This case contains no allegation of the separate misconduct present there; the relevant point is structural. Removing Kelly from the representative side of the case eliminates the overlap without dismissing the action or disturbing the remaining representatives.

15. The cure is correspondingly parsimonious. It requires no new party, no amended pleading, no change to the requested classwide relief, and no premature determination of counsel adequacy. It grants exactly the one form of relief the Court invited and leaves every unrelated matter for its proper motion and record.

**D. The Order Should Preserve the Remaining Action and Reserve All Unrelated Issues.**

16. Plaintiffs respectfully request that the Court drop Kelly under Rule 21, dismiss his individual claims without prejudice, direct the Clerk to terminate him as a party, and amend the caption. The order should make clear that it does not add Reverend Ruiz, decide class certification, appoint interim or class counsel, resolve any Rule 23(g) issue, modify the preliminary injunction as to the remaining named Plaintiffs, or compromise any claim belonging to another person.

17. The July 20 Order further states that nothing prevents Kelly from continuing to represent the existing named Plaintiffs in their individual capacities. July 20 Order at 7. The proposed order preserves that express ruling while requesting no broader counsel appointment.

**IV. CONCLUSION**

18. For the foregoing reasons, Stephen Kelly respectfully requests that the Court grant this separate and unconditional motion, drop him as a named Plaintiff and proposed class representative under Rule 21, dismiss his individual claims without prejudice, direct the Clerk to terminate him as a party and amend the caption, and grant no other relief.

Dated: New York, New York
August 4, 2026
Respectfully submitted,
/s/ Stephen Kelly
Stephen Kelly
Named Plaintiff and Counsel for Plaintiffs
32 Court Street, 904
Brooklyn, NY 11201
(929) 270-9905
stephen@philanthropy-law.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I certify that this memorandum contains 1,448 words, excluding the caption, signature block, and this certificate, as measured by the word-processing system used to prepare it.

Dated: New York, New York

August 4, 2026

/s/ Stephen Kelly

Stephen Kelly