| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>FR. FABIÁN ARIAS, *et al.*<br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br>Defendants. | 1:26-cv-02130 (CM)<br><br>**RENEWED MOTION AND MEMORANDUM OF LAW FOR THE APPOINTMENT OF STEPHEN KELLY AS CLASS COUNSEL** |
|---|---|

**RENEWED MOTION AND MEMORANDUM OF LAW FOR THE APPOINTMENT OF STEPHEN KELLY AS CLASS COUNSEL**

Plaintiffs respectfully renew their request under Federal Rules of Civil Procedure 23(c)(1)(B), 23(g)(1), 23(g)(2), and 23(g)(4) for an order appointing Stephen Kelly as counsel for any class the Court certifies in this action. The requested appointment would take effect only after Kelly is no longer a named Plaintiff. Plaintiffs do not seek appointment as interim counsel under Rule 23(g)(3).

## MEMORANDUM OF LAW

### I. THE PRIOR SUBMISSIONS SUPPLY THE RULE 23(g) RECORD.

Rule 23(c)(1)(B) requires an order certifying a class to appoint class counsel. When one applicant seeks appointment, the Court may appoint that applicant only if the applicant is adequate under Rules 23(g)(1) and 23(g)(4). Fed. R. Civ. P. 23(g)(2).

Plaintiffs have twice placed Kelly's qualifications before the Court. See ECF No. 33; ECF No. 51 ¶¶ 64-69; Second Declaration of Stephen Kelly ¶¶ 7-16, ECF No. 56; ECF No. 73; ECF No. 75 ¶¶ 16-20. Plaintiffs rely on and incorporate those existing submissions and allege no additional qualification.

The Court has already found that Kelly's work demonstrates familiarity with the facts, and legal issues, and that his lack of a prior appointment to represent a certified federal class does not categorically disqualify him. ECF No. 86 at 5. The Court deferred appointment until certification and directed that any renewed request be presented under Rule 23(g). Id. at 6. Plaintiffs renew the request in that posture.

## II. THE REQUESTED APPOINTMENT PRESERVES THE SEPARATION OF ROLES.

The June 22 order identified the simultaneous service of Kelly as proposed representative and proposed class counsel as a distinct structural concern. ECF No. 62 at 92-93. Kelly's separate Rule 21 motion to be dropped as a named Plaintiff is unconditional and independent of this request. ECF Nos. 105-108. Any appointment should therefore take effect only after Kelly ceases to be a party. This motion neither conditions his withdrawal nor seeks an interim designation.

## CONCLUSION

For these reasons, and relying only on the qualifications previously submitted, Plaintiffs respectfully request that, if the Court certifies a class, and after Kelly is no longer a named Plaintiff, the Court appoint Stephen Kelly as class counsel under Rules 23(c)(1)(B) and 23(g).

Dated: September 5, 2026
New York, New York

Respectfully submitted,

/s/ Stephen Kelly
Stephen Kelly
Counsel for Plaintiffs
32 Court Street, Suite 904
Brooklyn, New York 11201
(929) 270-9905
stephen@philanthropy-law.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I certify that the memorandum portion of this document contains 294 words, excluding the caption, notice of motion, signature block, and this certificate, as measured by the word-processing system used to prepare it.

Dated: New York, New York
September 5, 2026

/s/ Stephen Kelly
Stephen Kelly