UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

FR. FABIAN ARIAS, et al.,

Plaintiffs,

-against-

26 Civ. 2130 (CM)

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Defendants.

---------------------------------------------------------------x

# DECISION ON OUTSTANDING MOTIONS AND DIRECTIVE TO THE CLERK OF COURT TO REMOVE CERTAIN MOTIONS FROM THE COURT'S OPEN MOTIONS DOCKET

McMahon, J.:

Before the court are several motions that have yet to be decided:

At Docket # 102, a motion by plaintiffs to add Father Ruiz s a named plaintiff in this action and to file a Second Amended Complaint, which the Government opposes (Docket # 109).

At Docket # 105, a second motion by Stephen Kelly to withdraw as a named plaintiff, which the Government does not oppose (Docket #109 at CITE)

At Docket #111 and 112, a third motion by appoint Stephen Kelly as class counsel on a interim basis, and to appoint him as class counsel if and when a class is certified.

1. The Motion for Leave to File the Second Amended Complaint (Docket 102) is DENIED

In its original decision the court granted Plaintiffs leave to file an amended complaint to address certain identified deficiencies in the original complaint. Plaintiffs' efforts to file an appropriate pleading have thus far been futile.

The court struck the original second amended complaint (filed at Docket #88) in an order found at Docket # 104.

Plaintiffs then filed a motion for leave to add a new party plaintiff a request for relief denominated "First Motion to Correct/Amend ECF 88" (see Docket #102). Attached to that motion

is a purported new version of a Second Amended Complaint. For the following reasons it fails to satisfy the conditions set by the court:

(a) It contains citations to legal cases and legal arguments. A complaint is not a brief; it is a short, plain statement of the claims asserted. It should not contain legal arguments.
(b) It includes claims that were previously dismissed by the court without leave to amend. Mr. Kelly is incorrect that he needs to include those claims for appellate purposes. Plaintiffs are free to argue on appeal (if there ever is an appeal) that the court erred in dismissing certain of their claims without repleading those dismissed claims in an amended pleading.
(c) It refers to evidentiary material – specifically affidavits – from third parties who are not named plaintiffs in the case, rather than making allegations of fact about the claims of the named plaintiffs.
(d) It tried to incorporate by reference from earlier versions of the complaint, despite the rule that a proper complaint must stand on its own. *Harte v. City of New Rochelle*, 2026 WL 243819, at *1 (S.D.N.Y. Jan. 29, 2026).

I will give plaintiffs one more chance to file an amended complaint; if they can't get it right this time, we will simply proceed to litigate this case using the First Amended Complaint, with appropriate dismissals. Plaintiffs have fourteen business days to file a proper second amended pleading.

Because I have decided that the current version of the Second Amended Complaint will not be accepted, the Government's futility arguments are moot. If the Government believes that any new draft of a Second Amended Complaint should be dismissed in whole or in part, make a motion – do not send me a letter.

2. <u>Fr. Ruiz' Motion to Be Added As a Named Plaintiff (Docket #102) is GRANTED</u>

The Government does not object to adding Fr. Ruiz as a named plaintiff, but it properly objects to the fact that his personal claims are pleaded over various documents (the Second Amended Complaint, several declarations). All Fr. Ruiz's claims need to be incorporated into the complaint, as short plain statements of fact and shorn of legal argument. There is no need for a sworn statement or affidavit to accompany the pleading.

3. <u>Stephen Kelly's Motion for Leave to Withdraw (Docket #105) is GRANTED</u>

Mr,. Kelly has indicated a desire to withdraw unconditionally as a plaintiff in this action. The Government has no opposition to that motion. It is, therefore, GRANTED. The Clerk of Court should GRANT the motion at Docket #105 and remove the motion from the court's list of open motions.

4. <u>The Motion to Appoint Stephen Kelly as Interim Class Counsel is DENIED</u>

Mr. Kelly's efforts to be appointed as interim class counsel were dealt with when the court denied his prior motion for appointment as class counsel (see Docket #86). Since Mr. Kelly obviously did not understand what I said at that time, let me repeat my instructions for him.

I have no obligation to appoint "interim" class counsel, especially in a case in which there is no one competing with Mr. Kelly for the job of representing the proposed class,or making competing filings in the case. Therefore, his motion for interim appointment was, and is once again, DENIED. I am denying the motion for interim appointment WITH PREJUDICE, so Mr. Kelly will stop making this particular motion.

Of course, as I noted at Docket #86, Mr. Kelly is free to represent the named plaintiffs in this lawsuit if the names plaintiffs want him to do so. And indeed, he is listed on the docket sheet as counsel for the named plaintiffs, so I assume that the named plaintiffs in this action do in fact want Mr. Kelly to serve as their lawyer – certainly no one who is a named plaintiff in this lawsuit has objected to Mr. Kelly's serving as his or her lawyer. There is no need for a court order authorizing his representation of the named plaintiffs; he is their chosen counsel.

Since he already represents the named plaintiffs, Mr. Kelly may do all things that counsel for named plaintiffs in a putative class action may do. One of those things is to file a motion for class certification. I may or may not decide to grant any such motion. But until a motion for class certification is filed (and please read the order at Docket #86 for instructions about that motion), I will neither treat this case as a class action nor appoint anyone as counsel representing a class. At present this is simply a lawsuit brought by several identified individuals who are represented by Mr. Kelly; it has not yet been certified as a class action.

As Mr. Kelly has admittedly never served as counsel in a class action, he appears to be unfamiliar with how these cases are handled. He should file a motion for class certification, with proper supporting papers, paying careful attention to the standards in Fed. R. Civ. P. 23 that govern when it is appropriate for a lawsuit to proceed as a class action. He may at the same time file a motion to be appointed as class counsel. He must support that motion with reasons why he should be allowed to represent the interests of a class and it capable of doing so. As he has no experience in doing so, the motion must explain how he intends to educate himself, whether he will have any assistance, and why his prior litigation experience qualifies him to represent the interests of other persons -- including specifically persons who are not named plaintiffs and who are "absent" from this lawsuit but whose interests are implicated.

I caution Mr. Kelly that, should I decide to certify a class, the mere fact that he is the only lawyer who has expressed any interest in prosecuting this case will not automatically lead to his being appointed as counsel to represent the class. He will have to convince me that he is up to the task. Unfortunately, his performance to date is not promising in that regard.

The motions at Dockets 11 and 112 are denied without prejudice to the making of a proper motion to serve as class counsel in conjunction with a motion to certify a class.

5. Various Administrative Matters

The docket sheet in this case is almost impossible to decipher. I emphasize that this is no fault of the Clerk of Court.

The Clerk is directed to remove the following motions from the court's open motions docket if they are not already off the docket:

Docket #32 (granted in part and denied in part at Docket #62),
Docket #33 (denied at Docket #62),
Docket #39 (granted at Docket #42),
Docket #43 (granted in part and denied in part at Docket #62),
Docket #58 (granted at Docket #59),
Docket #73 (denied at Docket #86),
Docket #76 (granted at Docket #79),
Docket #78 (denied at Docket #80),
Docket #85 (mooted by Docket #86),
Docket #97 (mooted by the current order),
Docket #102 (granted in part and denied in part by the current order);
Docket # 105 (granted by the current order),
Docket # 111 (denied by the current order),
Docket #112 (denied by the current order)

There should be no open motions in this case following the entry of this order.

This constitutes the order of the court. To the extent that it disposes of open motions it constitutes the decision of the court. It is a written decision.

Dated: October 2, 2026

U.S.D.J.

BY ECF TO ALL COUNSEL