UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x

FR. FABIÁN ARIAS, REV. JUAN CARLOS RUIZ LAURA MCCALLUM, DEBBIE NATHAN, DR. ZOEY PHILLIPS,

Plaintiffs,

-against-

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, in his official capacity as the senior official performing the duties of the Director of U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity as Acting Attorney General; GENERAL SERVICES ADMINISTRATION; and EDWARD FORST, in his official capacity as Administrator of General Services,

Defendants.

x

**Case No. 1:26-cv-02130 (CM)**

**PLAINTIFFS' RENEWED NOTICE OF MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS COUNSEL, AND CLASSWIDE PRELIMINARY INJUNCTIVE RELIEF**

# PLAINTIFFS' RENEWED NOTICE OF MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS COUNSEL, AND CLASSWIDE PRELIMINARY INJUNCTIVE RELIEF

PLEASE TAKE NOTICE that, upon the accompanying memorandum of law and supporting declarations, including the supplemental Rule 23(g) submission, the existing record, and the Court's orders at ECF Nos. 62, 86, 87, 104, and 116, Plaintiffs will move this Court under Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(c)(1)(B), 23(g), 65(a), and 65(d) for the following relief:

1. certifying the following Unified Court-Access Class under Rules 23(a) and 23(b)(2), for prospective declaratory and injunctive relief on the claims identified below, with the defined terms set out in this notice:

**All persons, without regard to citizenship or immigration status, who are or will be present at, seek to enter, or seek to use a Covered Court Access Location for a Legitimate Court-Related Purpose.**

2. appointing Fr. Fabián Arias, Laura McCallum, Debbie Nathan, Dr. Zoey Phillips, and Rev. Juan Carlos Ruiz as class representatives for the claims each asserts in the Second Amended Complaint ("SAC"), subject to that pleading becoming operative and the showing required by Rule 23(a);

3. appointing Stephen Kelly as class counsel upon certification under Rules 23(c)(1)(B) and 23(g)(1), (2), and (4), on the supplemental showing required by ECF No. 86 at 5–6 and ECF No. 116 at 3;

4. modifying paragraph 7.1 of the July 21, 2026 Preliminary Injunction, ECF No. 87, to give the certified class enforceable protection under its existing substantive provisions, while preserving its agency-specific duties, geographic limits, and exceptions, as set out in the proposed Order Modifying Preliminary Injunction Following Class Certification; and

5. granting such other and further relief as the Court deems just and proper.

This motion renews the certification request denied without prejudice at ECF No. 62 at 90–94. The October 2 Order granted Kelly's unconditional withdrawal as a plaintiff and Ruiz's joinder, required Ruiz's claims to appear in a proper amended complaint, and permitted a supported application for class-counsel appointment with a certification motion. ECF No. 116 at 2–3.

Appointment is sought only upon certification; the denial with prejudice of interim appointment remains undisturbed.

Consistent with SAC paragraphs 68–69 and paragraph E of its Prayer for Relief, Plaintiffs seek certification of one class. Under Rule 23(c)(1)(B), the proposed class claims are the following claims pleaded in the SAC, against the agencies and official-capacity defendants responsible for the challenged practices:

Count I—First Amendment access to otherwise open hearings (SAC ¶¶ 70–72): against DOJ and the Attorney General through EOIR; DHS and the Secretary through FPS and its PSOs; and GSA and its Administrator, with the DHS/FPS and GSA claims addressing their alleged obstruction of hearing access through building entry, access, or management practices.

Count II—First Amendment speech and association (SAC ¶¶ 73–78): against DOJ and the Attorney General for EOIR restrictions; DHS and the Secretary through FPS and its PSOs, and GSA and its Administrator, for building-access and use restrictions; and ICE and its Director, and DHS and the Secretary through ICE, for ICE personnel's direct restrictions. This count includes Ruiz's claim concerning the particular outermost staffed entry barricade at 26 Federal Plaza against the defendants identified in SAC paragraph 76.

Count III—First Amendment retaliation (SAC ¶¶ 79–82): against the DOJ, DHS, ICE, and GSA defendants identified in that count, to the extent responsible for the alleged retaliatory exclusion, communication restrictions, or threats.

The class definition and defined terms specify the present and future court users and visitors described in SAC paragraphs 68–69. Plaintiffs seek prospective relief from the practices challenged in Counts I–III, consistent with the SAC's Prayer for Relief and its protections for

lawful access restrictions, enforcement, and genuine security measures. No monetary damages are sought.

The requested preliminary modification extends the injunction's personal scope. ICE and its Director remain outside direct injunctive relief under paragraph 2.2 unless the Court separately orders otherwise. Certification of the SAC's claims, including Ruiz's allegations concerning the outermost staffed entry barricade at 26 Federal Plaza and ICE personnel's conduct, would not itself expand the acts restrained by ECF No. 87. Any additional preliminary protection requires a separately supported ruling under Rule 65.

**DEFINED TERMS**

**A. Covered Courts and Covered Hearing.** "Covered Courts" means the Executive Office for Immigration Review ("EOIR") immigration courts at 26 Federal Plaza and 290 Broadway, New York, New York. No other facility is included. A "Covered Hearing" means a hearing at a Covered Court that governing law requires to be open and that has not been lawfully closed or subjected to a lawful attendance limitation.

**B. Covered Court Access Location and Court Access System.** A "Covered Court Access Location," collectively the "Court Access System," is limited to the portions of the Covered Courts and their access routes that Defendants make available or necessarily use for public court access during public operating hours: the ordinary public entrance and screening area; public lobbies, elevators, stairways, restrooms, hallways, and corridors needed to reach or leave EOIR space; EOIR public waiting areas; public filing or clerk-service windows; and courtrooms during Covered Hearings. At 26 Federal Plaza, the term also includes the particular outermost staffed barricade and visitor-entry route described in SAC paragraphs 58–63, where guards control passage toward the building entrance. That exterior component is limited to the challenged entrance-control function. The term excludes other surrounding sidewalks or plazas, nonpublic offices, restricted or secure areas, detention or holding areas, judges' chambers, staff-only routes, and spaces unrelated to court access.

**C. Legitimate Court-Related Purpose.** A "Legitimate Court-Related Purpose" means an objectively court-connected purpose, including participating in or obtaining services concerning an EOIR matter; accompanying or assisting a willing court participant; observing, reporting on, researching, studying, monitoring, or documenting an open hearing or court operations, subject to lawful recording rules; providing or receiving quiet, consensual, individualized,

noncommercial court-related information or support; or pursuing another purpose expressly authorized by law, court order, published EOIR guidance, or a neutral written building policy.

**D. Lawful Operational Ground.** A "Lawful Operational Ground" means a lawful basis applicable to the affected location or activity, including lawful closure, confidentiality, actual capacity, screening, noise, obstruction, disruption, emergency response, safety, secure-area control, or steps reasonably necessary to carry out a lawful operation.

**E. Unlawful Access Restriction.** An "Unlawful Access Restriction" means a restriction challenged in SAC Counts I–III to the extent it is established to violate the First Amendment by burdening access to otherwise open hearings, protected speech or association, or requested accompaniment, or by retaliating for protected activity within the Court Access System. The term includes the particular entrance-document practice alleged in SAC paragraphs 58–63 and 76 to the extent established under Count II. Relief remains subject to Lawful Operational Grounds and the limitations stated in the SAC's Prayer for Relief.

Class membership is determined by location and purpose, not by whether a person ultimately proves that a challenged restriction was unlawful. A person satisfying the definition remains a class member whether Plaintiffs prevail or Defendants prevail on the merits. These definitions identify the proposed class and the scope of the certified claims sought; they do not alter the substantive terms of ECF No. 87 or add claims beyond SAC Counts I–III.

Executed on October 26, 2026 in Brooklyn, New York

Respectfully submitted,

/s/ Stephen Kelly

Stephen Kelly
Counsel for Plaintiffs
32 Court Street, Suite 904
Brooklyn, New York 11201
(929) 270-9905
stephen@philanthropy-law.com